IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRETT JONES,

     Plaintiff,

vs.                                        No. CIV 10-294 JP/RLP

ROSALIND F. TRIPP;
DOES 1-50, et al.,

     Defendants.

## MEMORANDUM OPINION AND ORDER OF REMAND

On April 9, 2010, pro se Plaintiff Brett Jones filed his **Response to removal** (Doc. No. 14), which the Court construes as a motion under 28 U.S.C. § 1447(c) to remand this case to the Socorro County Magistrate Court in and for the State of New Mexico. The court, having considered the parties' submissions and the relevant law, concludes that remand is required.

I.    **Background**.

On March 4, 2010, Jones filed his First Amended Civil Complaint for breach of contract, failure to prevent, failure to act . . . ("Amended Complaint") in the state magistrate court for Socorro County, New Mexico. Ex. B to Defendant's Amended Notice of Removal (Doc. No. 3). The Amended Complaint does not request relief under a federal statute, nor does it invoke the jurisdiction of the federal courts. The Amended Complaint mostly consists of conclusory statements, which the Supreme Court has recently emphasized are to be disregarded by federal courts in determining whether a complaint states a cognizable claim for relief. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949, 1951 (2009).

Jones alleges in conclusory form in his Amended Complaint that the Defendants deprived him "of rights secured by the constitution of the State of New Mexico as well as the US

government." Doc. No. 3, Ex. B at 2. However, Jones' factual allegations describe violations only of state law. Jones alleges that Defendant Tripp and John Does 1-50 are ignoring a State of New Mexico law prohibiting livestock from roaming at large in a subdivision, and he claims this violates unnamed constitutional rights. *See id* at 2, 3. He also alleges that, on an unspecified date and time and at an unidentified place, an unnamed Defendant "prevented" him, in some unspecified way "from speaking at an arranged event to educate and inform the public." *Id*. at 3. Jones claims that on unspecified dates other unnamed Defendants failed to properly maintain streets for "routine travel" and failed to maintain road signs, which "prevented the fire department, as well as ambulance services, from locating property during several emergencies; at a loss of over $32,000," thereby violating unspecific constitutional rights. *Id.* Jones does not identify who owned the property, where the property is located, or who suffered the loss. Finally, Jones avers that unnamed Defendants violated his unspecified constitutional rights by "receiving political contributions, in exchange for inactivity, in violation of State Law." *Id*. at 4. For relief, Jones requests "punitive and compensatory damages" in the amount of $10,000. *Id.*

Defendant Tripp removed the action to this Court solely on the basis that the Amended Complaint alleges, in the conclusory manner set forth above, that the Defendants "purportedly violated the Plaintiff's rights secured by the Constitution." Doc. No. 3 at 1. In his **Response to removal**, Jones challenges the removal, contending that "each of the claim points are under The State of New Mexico Constitution, State of New Mexico Livestock Law, and The Ordinance of the County of Socorro. The petitioner purposely did not use Federal Statute [sic] as that would change Jurisdiction." Doc. No. 14 at 1. Jones further notes that he asserted "no federal claim of action." *Id*. at 5. In Defendant's Response to Plaintiff's Motion, Counterclaim and Addition of Named Defendants (Doc No. 21), Defendant Tripp merely opines that the case was properly removed

"based on a federal question."  Doc. No. 21 at 1.

**II.**    **Analysis**.

"Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent diversity of citizenship, federal-question jurisdiction is required."  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (footnote omitted).  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Id.*  "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."  *Id.*  "It is well-established that statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals."  *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-95 (10th Cir. 2005).  "[T]he propriety of removal is judged on the complaint as it stands at the time of the removal."  *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991).

No federal question is presented on the face of Jones' "properly pleaded complaint." *Caterpillar, Inc.* 482 U.S. at 392.  When alleging federal subject-matter jurisdiction, "[m]ere conclusory allegations of jurisdiction are not enough."  *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156 (10th Cir. 1999).  Rather, Tripp must show that Jones' well-pleaded complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983); *see Gully v. First Nat'l Bank*, 299 U.S. 109, 113 (1936) (explaining that the federal question must be "disclosed upon the face of the complaint, unaided by the answer or by the petition for removal").

The Tenth Circuit has repeatedly stated that, when a plaintiff originally brings suit in a *state* court, the presumption is "against removal jurisdiction." *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289 (10th Cir. 2001) (applying the presumption in a case in which diversity was the alleged basis for removal) (internal quotation marks omitted).

> When a case is originally brought in federal court, the plaintiff's claimed amount is presumed to support diversity jurisdiction. The same is not true, however, when the case has been removed from state court.

> In a removed case, unlike a case instituted in federal court, the plaintiff chose a state rather than federal forum. Because the plaintiff instituted the case in state court, "[t]here is a strong presumption that the plaintiff has not claimed a large amount in order to confer jurisdiction on a federal court or that the parties have colluded to that end."

> *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 375 (9th Cir. 1997) (quoting *St. Paul Mercury*, 303 U.S. at 290, 58 S. Ct. 586); *see also Miera*, 143 F.3d at 1340. Thus in a removed case, "[t]he defendant's claim that the amount in controversy exceeds $50,000 does not enjoy the *St. Paul Mercury* presumption of accuracy that the plaintiff's does." *Singer*, 116 F.3d at 376.

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when a plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

*Id.* at 289-90 (certain citations omitted).

Tripp did not recite any *facts* giving rise to this Court's jurisdiction in her Amended Notice of Removal, apparently assuming that because Jones used the phrase "as well as the US government" in his alleged violation of constitutional rights, Jones invoked the federal-question jurisdiction of the court under 28 U.S.C. § 1331. *See* Doc. No. 3 at 1. Although Jones' Amended Complaint does not request monetary damages under 42 U.S.C. § 1983 or mention any other federal statute, Tripp also implicitly urges the Court to construe the Amended Complaint as an

attempt to recover monetary damages under 42 U.S.C. § 1983.  This is something the Court should not do.  *See Caterpillar, Inc.*, 482 U.S. at 392;  *Martin*, 251 F.3d at 1289-90.  Tripp has not met her burden of establishing federal-question jurisdiction by setting "forth in the notice of removal itself, the  *underlying facts* supporting the assertion" that this Court has jurisdiction over Jones' cause of action.  *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (internal quotation marks and bracket omitted) (italics in original).  Accordingly, the Court will remand the case to the Socorro County Magistrate Court.

**IT IS ORDERED THAT**:

1.  Jones' **Response to removal** (Doc. No. 14), construed as a motion to remand, is GRANTED; and

2.  This case is REMANDED to the Socorro County Magistrate Court in and for the State of New Mexico; and

3.  The Clerk of this Court will mail a certified copy of this Memorandum Opinion and Order of Remand to the Clerk of the Socorro County Magistrate Court.

_____

**SENIOR UNITED STATES DISTRICT JUDGE**